## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | : |
| | : **CHAPTER 11** |
| **E. ALLEN REEVES, INC.,** | : |
| | : **BANKRUPTCY NO. 17-11354** |
| **Debtor.** | : |
| | : |

## ORDER APPROVING SALE OF CERTAIN ASSETS
## FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBERANCES

Upon consideration of the motion of E. Allen Reeves, Inc. (the "Motion")ı for an Order

Pursuant to 11 U.S.C. § 363(f) and Federal Rules of Bankruptcy Procedure 6004(c) and (f) and

9014 for (1) authority to sell the Vehicles and Miscellaneous Assets free and clear of liens,

claims and encumbrances to Calvin Group, Inc. (the "Buyer"), and after notice and hearing, it is

hereby ORDERED, as follows:

1.      The Motion is **GRANTED**;

2.      The Vehicles and Miscellaneous Assets shall be sold, transferred and surrendered

pursuant to section 363(f) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure

6004(c) free and clear of any and all liens, encumbrances, interests and claims thereon, therein,

or relating thereto.

3.      The purchase prices set forth in the Motion in Paragraphs 7 and 8 for each of the

vehicles and for the Miscellaneous Assets is the highest and best offer that the Debtor has

received to date for each of the vehicles and the Miscellaneous Assets and constitutes a purchase

in good faith and for fair value within the meaning of §363(m) of the Bankruptcy Code and In re

Abbotts Dairies of Pennsylvania, Inc., 788 F2d 142 (3d Cir. 1986).

---

ı Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4.      Buyers are good faith purchasers of the Vehicles as defined in section 363(m) of the Bankruptcy Code.

5.      The stay provisions set forth in Federal Rule of Bankruptcy Procedure 6004(h) are waived and closing may occur immediately.

6.      There exists good and sufficient business justification for the Debtor to sell its interest in the Vehicles and Miscellaneous Assets as set forth in the Motion, and good cause for this Court to approve said Motion, as such sale is in the best interest of the estate and the Debtor's creditors.

7.      Any objections timely filed with respect to the sale of the Vehicles and Miscellaneous Assets, which have not been withdrawn, are overruled.

8.      The provisions of Section 363(n) of the Bankruptcy Code have not been violated.

9.      The obligations of the Debtor to close shall be binding upon the Debtor and any successor in interest to the Debtor.  Moreover, if the Debtor is reorganized in Chapter 11, or if the Debtor's bankruptcy case is converted to a case under chapter 7 of the Bankruptcy Code and/or if a trustee is subsequently appointed in the bankruptcy proceeding under chapter 11, the reorganized debtor and such trustee will be obligated to close with the Buyer.

10.      The Debtor is authorized and directed to execute, deliver, perform under, consummate and implement the sales, together with all additional instruments and documents that may be reasonably necessary or desirable to implement this Order.

11.      The buyers of the Vehicles and Miscellaneous Assets are not successors to Debtor or otherwise liable for any liability or claim against the Debtor.  Each and every holder of any of any such claim, or liability, if any, is enjoined from commencing, continuing or otherwise

pursuing or enforcing any remedy, claim, cause of action or encumbrance against the buyers of

the Vehicles and Miscellaneous Assets.

BY THE COURT:

**Date: June 21, 2017**

Honorable Ashely M. Chan
United States Bankruptcy Judge